**UNITED STATES COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:24-cv-24068-FAM**

MARTIN BORKAN an individual, and
MSB HOSPITALITY, LLC, a
Florida Limited Liability Company

Plaintiffs,

v.

SOMETHING GOOD SUPPER CLUB, LLC, a
Delaware Limited Liability Company,
SOMETHING SHORT, LLC, a Delaware Limited Liability Company,
SANDO SUPPPLIES, LLC, a
New York Limited Liability Company,
ILAN KHUTORSKY, an individual,
RAPHAEL KHUTORSKY, an individual and,
JECKSON LEONARDO, an individual

Defendants.

```
FILED BY___MCO___D.C.

SEP 2 4 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI
```

---

**ELLENOFF GROSSMAN AND SCHOLE LLP'S MOTION TO
WITHDRAW AS COUNSEL FOR DEFENDANTS**

The law firm of Ellenoff Grossman and Schole LLP ("EGS") hereby submits this Motion

to Withdraw as counsel for Defendants, Defendants, Something Good Supper Club, LLC

("Something Good"), Something Short, LLC ("Something Short"), Sando Supplies, LLC ("Sando

Supplies"), Ilan Khutorsky ("Ilan K."), Raphael Khutorsky ("Raphael K."), and Jeckson Leonardo

("Leonardo", and collectively "Defendants") in the above-referenced action, and as grounds

therefor states as follows:

1.      In or around January 30, 2025, former counsel for Defendants, Nicole Levy

Kushner of Berger Singerman LLP ("Ms. Kushner") moved for EGS and its attorneys, John B.

Horgan ("Mr. Horgan"), Joanna R. Cohen ("Ms. Cohen") and Aldonsa V. Janjigian ("Ms. Janjigian") to appear *pro hac vice* on behalf of Defendants in this proceeding.

2. On February 5, 2025, this Court granted the motions for Ms. Cohen and Ms. Janjigian to appear *pro hac vice*. D.E. 25 and 26. The motion for Mr. Horgan to appear *pro hac vice* was granted on February 28, 2025. D.E. 30.

3. On September 9, 2025, Ms. Kushner moved to withdraw as counsel for Defendants, noting irreconcilable differences. D.E. 33. Ms. Kushner's motion to withdraw was granted on September 17, 2025. D.E. 34.

4. Irreconcilable differences have similarly arisen between EGS and Defendants, which render EGS and its attorneys unable to effectively represent Defendants in this matter.

5. EGS has made several conferral attempts with a representative of Defendants to address substitutions of counsel, all of which have been unsuccessful. EGS has also advised representative of Defendants that EGS and its attorneys intend to withdraw from its representation of Defendants. EGS will provide a representative of Defendants with a copy of this Motion via email and U.S. Mail.

6. This Court has the inherent power to permit the withdrawal of an attorney from a case.

7. EGS' withdrawal will not have a material adverse effect upon Defendants.

8. EGS requests that Defendants be given fourteen (14) days from the entry of an Order on this Motion to engage successor counsel. EGS requests that all pending deadlines, and obligations in this matter be stayed and held in abeyance during that fourteen-day period.

9.     **Pursuant to Local Rule 7.1(a)(3)**, the undersigned has conferred with Plaintiff's counsel, Joseph I. Pardo, Esq. and Melissa L. Mackiewicz, regarding this Motion and the relief sought. Plaintiff's counsel does not object to the relief requested herein.

10.    Based on the foregoing, sufficient good cause exists to permit the withdrawal of the undersigned Counsel as counsel of record for Defendant.

11.    EGS requests entry of the proposed order attached hereto as **Exhibit "A."**

**WHEREFORE**, the law firm of EGS and its attorneys, respectfully request this Court to authorize EGS and its attorneys to withdraw from this action, grant a fourteen (14) day stay of this action in order to permit Defendants an opportunity to engage substitute counsel and award all such other relief as this Court deems just and proper.

Respectfully submitted,

**ELLENOFF GROSSMAN AND SCHOLE LLP**
*Counsel for Defendants*
1345 Avenue of the Americas, Fl 11
New York, NY 10105
Telephone: (212) 370-1300
Facsimile: (212) 370-7889

By: */s/    John B. Horgan*
John B. Horgan, Esq. (*admitted pro hac vice*)
jhorgan@egsllp.com
jcohen@egsllp.com
ajanjigian@egsllp.com

*Attorneys for Defendants Something Good Supper Club, LLC, Something Short, LLC, Sando Supplies, LLC, Ilan Khutorsky, Raphael Khutorsky and Jeckson Leonardo*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23rd day of September, 2025, I served the foregoing via email correspondence upon Joseph I. Pardo, Esq., and Melissa Mackiewicz, Esq., attorney for Plaintiffs Martin Borkan and MSB Hospitality, LLC, at joe@pardolawmiami.com and melissa@pardolawmiami.com.

**ELLENOFF GROSSMAN AND SCHOLE LLP**
*Counsel for Defendants*
1345 Avenue of the Americas, Fl 11
New York, NY 10105
Telephone: (212) 370-1300
Facsimile: (212) 370-7889

By: */s/    John B. Horgan*
John B. Horgan, Esq. (*admitted pro hac vice*)
jhorgan@egsllp.com
jcohen@egsllp.com
ajanjigian@egsllp.com

*Attorneys for Defendants Something Good Supper Club, LLC, Something Short, LLC, Sando Supplies, LLC, Ilan Khutorsky, Raphael Khutorsky and Jeckson Leonardo*

4

Ellenoff Grossman & Schole LLP

1345 Avenue of the Americas,
11th Floor
New York, New York 10105
Telephone: (212) 370-1300
Facsimile: (212) 370-7889

Aldonsa V. Janjigian
ajanjigian@egsllp.com

September 23, 2025

**VIA FEDERAL EXPRESS**

Wilkie D. Ferguson, Jr., United States Courthouse
Attn: Clerk's Office
400 North Miami Avenue, 8th Floor
Miami, Florida 33128

  **Re:**  **Case No. 1:24-cv-24068-FAM**
      *Borkan et al. v. Something Good Supper Club, LLC et al.*
      **Ellenoff Grossman and Schole LLP's Motion to Withdraw as Counsel for**
      **Defendants**

Dear Clerk of the Court:

  This Firm represents Something Good Supper Club, LLC ("Something Good"), Something Short, LLC ("Something Short"), Sando Supplies, LLC ("Sando Supplies"), Ilan Khutorsky ("Ilan K."), Raphael Khutorsky ("Raphael K."), and Jeckson Leonardo ("Leonardo", and collectively "Defendants") in the above-captioned action.

  Enclosed is a paper filing of Ellenoff Grossman and Schole LLP's ("EGS") Motion to Withdraw as Counsel for Defendants and a proposed order for submission to the Honorable Federico A. Moreno. Please be advised that EGS and its attorneys were only permitted to appear *pro hac vice* in this District Court. Since EGS is not authorized to file documents via CM/ECF, and former local counsel recently withdrew from the matter, EGS was unable to submit this filing via CM/ECF.

  We thank the Court for its consideration of this matter.

          Respectfully submitted,

          */s/ Aldonsa V. Janjigian*
          Aldonsa V. Janjigian
          Ellenoff Grossman and Schole LLP
          1345 Avenue of the Americas, 11th Fl.
          New York, NY 10105
          ajanjigian@egsllp.com
          jhorgan@egsllp.com
          jcohen@egsllp.com

          *Attorneys for Defendant*

Encls.

*Cc all counsel via email*



ORIGIN ID:QNYA          (212) 370-1300
ALDONSA V. JANJIGIAN
ELLENOFF GROSSMAN & SCHOLE, LLP
1345 AVENUE OF THE AMERICAS
11TH FLOOR
NEW YORK, NY 10105
UNITED STATES US

TO CLERK OF THE COURT
WILKIE D. FERGUSON JR US COURTHOUSE
400 NORTH MIAMI AVENUE, 8TH FLOOR

MIAMI FL 33128

(212) 370-1300
INV:
PO:                    REF:

                       DEPT:

SHIP DATE: 23SEP25
ACTWGT: 0.10 LB
CAD: 5675030/INET4535

BILL SENDER

58GJ3/780E/59F2

**FedEx**
Express

J253025062301uv

TRK#
0201  8846 1230 4498

**X6 MPBA**

WED - 24 SEP 10:30A
PRIORITY OVERNIGHT

33128
FL-US MIA

---

After printing this label:
**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.