**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**CASE NO.: 1:24-cv-24068-FAM**

MARTIN BORKAN, *an individual,*
and MSB HOSPITALITY, LLC, a
Florida limited liability company,

Plaintiffs.

v.

SOMETHING GOOD SUPPER CLUB, LLC, a
Delaware Limited Liability Company, SOMETHING
SHORT, LLC, a Delaware Limited Liability Company,
SANDO SUPPLIES, LLC, a New York Limited
Liability Company, ILAN KHUTORSKY, an
individual, and RAPHAEL KHUTORSKY,
an individual,

Defendants.
______________________________________ /

**MOTION FOR DEFAULT JUDGMENT**

Plaintiffs, Martin Borkan and MSB Hospitality, LLC ("Plaintiffs"), by and through undersigned counsel and pursuant to the Court's *Order Granting Motion for Withdrawal,* dated September 17, 2025 [ECF No. 34], hereby file this Motion for Default Judgment against Defendants, Something Good Supper Club, LLC, Something Short, LLC, and Sando Supplies, LLC ("Corporate Defendants"). In support hereof, Plaintiffs state as follows:

On September 9, 2025, the Corporate Defendants' former counsel, Berger Singerman, LLP, filed a Motion to Withdraw as Counsel for Defendant [ECF No. 33]. On September 17, 2025, the Court entered an Order granting the Motion to Withdraw as Counsel for Defendant [ECF No. 34] (the "Order"). The Order cautioned the Corporate Defendants that "a corporation may not represent itself." [ECF No. 34]. The Order further states that the Corporate Defendants "cannot proceed to

trial unless they obtain substitute counsel by September 29, 2025. If no substitute counsel is obtained, the Court will allow Plaintiff to move for entry of final judgment against the corporate Defendants." [ECF No. 34].

On September 23, 2025, Ellenoff Grossman and Schole LLP ("EGS"), who had been granted admission to appear in this action *pro hac vice*, submitted a Motion to Withdraw as Counsel for Defendants. See [ECF No. 35]. EGS represented in its Motion that it made several conferral attempts with a representative of the Defendants to address substitutions of counsel, all of which were unsuccessful. See [ECF No. 35] at 2.

As of the date of this filing, no substitute counsel has entered an appearance on behalf of the Defendants and the September 29, 2025 deadline has passed.

Accordingly, Plaintiffs respectfully request this Court enter default judgment in their favor and against the Corporate Defendants for failure to comply with the Court's Order. [ECF No. 34]. "The rule is well established that a corporation is an artificial entity that can only act through agents, cannot appear pro se, and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985); *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (citing *Osborn* v. *President of Bank of United States,* 9 Wheat. 738, 829 (1824) ("[I]t has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel."). "This rule applies even where the individual seeking to represent the corporation is an officer or major shareholder." *Wolfe v. Rodriquez*, No. 13-60709, 2013 WL 6885176, at *3 (S.D. Fla. Dec. 31, 2013); *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co.,* 748 F. 2d 602, 609 (11th Cir. 1984) (holding that corporations must always be represented by counsel); *U.S. v. Lena*, No. 05-80669-CIV, 2007 WL 4578336 (S.D. Fla. Dec. 27, 2007) *(*"[I]t is a well-settled principle of law that neither a corporation nor a partnership can appear pro se; rather, they must be represented by counsel"). Accordingly, if a

plaintiff is a corporation, trustee or a trust, personal representative of an estate, or otherwise named in a representative capacity, the plaintiff must retain counsel. *See Palazzo*, 764 F.2d at 1385.

The entry of a judgment by default is also well within the Court's inherent powers to manage its affairs. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir.1985) (citing *Flaksa v. Little River Marine Construction Co*., 389 F.2d 885, 887 (5th Cir.1968)). Failure to obey a court's order constitutes sufficient grounds for a default judgment. *Bonanza Intern., Inc., v. Corceller,* 480 F.2d 613, 614 (5th Cir. 1973). The Southern District of Florida has also held that a corporation's failure to retain counsel is a valid basis for the entry of default and a default judgment against the corporation, even if the party has previously filed an answer to the complaint. *Mayorga v. Stamp Concrete & Pavers, Inc*. *et al*, No. No. 13–81274–CIV, 2015 WL 3556972, at *2 (S.D. Fla. Mar. 23, 2015) (citing *Barnett v. AS & I, LLC*, No. 3:13-cv-2464-BN, 2014 WL 1641905, at *1-2 (N.D. Tex. Apr. 24, 2014)). The entry of a judgment by default is also well within the Court's inherent powers to manage its affairs. *Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir.1985) (citing *Flaksa v. Little River Marine Construction Co*., 389 F.2d 885, 887 (5th Cir.1968)).

WHEREFORE, Plaintiffs, Martin Borkan and MSB Hospitality, LLC, respectfully request this Court enter default judgment against Defendants, Something Good Supper Club, LLC, Something Short, LLC, and Sando Supplies, LLC, and any further relief this Court deems just and proper.

Dated: October 3, 2025

Respectfully Submitted,

**PARDO LAW PLLC**
*Counsel for Plaintiffs*

By: */s/ Joseph I. Pardo*
Joseph I. Pardo, Esq.
Florida Bar No. 1003339
Melissa L. Mackiewicz, Esq.
Florida Bar No. 0637971

1205 Lincoln Road, Suite 211
Miami Beach, Florida 33139
Telephone: (305) 308-7388
Email:joe@pardolawmiami.com
melissa@pardolawmiami.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of October 2025, I electronically filed the foregoing document with the Clerk of the Court and electronically served all counsel of record using the CM/ECF system. I further certify that I served a copy of the foregoing document on Defendants, Something Good Supper Club, LLC, Something Short, LLC, and Sando Supplies, LLC, Ilan Khutorsky, and Raphael Khutorsky, at 355 Bowery, New York, New York 10003 via first class mail, postage pre-paid and at ilan@somethinggoodhsp.com via electronic mail.

*/s/ Joseph I. Pardo*
Joseph I. Pardo, Esquire