**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
Miami Division

Case Number: 24-24068-CIV-MORENO

MARTIN BORKAN and MSB
HOSPITALITY, LLC,

Plaintiffs,

v.

SOMETHING GOOD SUPPER CLUB, LLC,
SOMETHING SHORT, LLC, SANDO
SUPPLIES, LLC, ILAN KHUTORSKY,
RAPHAEL KHUTORSKY, and JECKSON
LEONARDO,

Defendants.
_____________________________________________/

**DECLARATION OF MARTIN BORKAN, INDIVIDUALLY AND AS AUTHORIZED REPRESENTATIVE OF MSB HOSPITALITY, LLC, AS TO THE AMOUNT DUE FROM DEFENDANTS**

I, MARTIN BORKAN, pursuant to the Court's July 10, 2026 *Order to Show Cause* [D.E. 53], declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am over the age of eighteen (18) years, am sui juris, and am competent to testify to the matters set forth in this Declaration. I make this Declaration on my own personal knowledge, except where a statement is made on information and belief, and on my review of the business records and litigation files of Plaintiff MSB Hospitality, LLC, which records are made and kept in the ordinary course of business and to which I have unrestricted access.

2. I am one a Plaintiff in this action and submit this Declaration in my individual capacity.

3. I also submit this Declaration on behalf of Plaintiff MSB HOSPITALITY, LLC ("MSB"), a Florida limited liability company with its principal place of business in Miami-Dade County, Florida. MSB's managing member is the Martin Borkan Declaration of Trust U/A DTD 12/03/2021, and I serve as Trustee of that trust. In that capacity, I am the duly authorized representative of MSB, I am authorized to execute this Declaration on MSB's behalf and to bind MSB to the statements made in it, and I am the person affiliated with MSB with the greatest knowledge of the facts set forth below.

4. I submit this Declaration pursuant to the Court's *Order to Show Cause as to Why Final Judgment Should Not Be Entered*, entered July 10, 2026 [D.E. 53], which directs that "Plaintiffs shall file an Affidavit with the Court as to the amount due from Defendants no later than August 7, 2026." *Id.*

**THE PARTIES AND PROCEDURAL POSTURE**

5. Plaintiffs commenced this action on October 21, 2024 against six Defendants: Something Good Supper Club, LLC ("Something Good"), a Delaware limited liability company; Something Short, LLC ("Something Short"), a Delaware limited liability company; Sando Supplies, LLC ("Sando Supplies"), a New York limited liability company; Ilan Khutorsky ("Ilan"); Raphael Khutorsky ("Raph"); and Jeckson Leonardo ("Jeckson"). All six are named as Defendants in the Complaint [D.E. 1]. The Court has already entered Default Final Judgment against Something Good, Something Short, and Sando Supplies. [D.E. 39].

6. The Complaint pleads three counts. Count I seeks declaratory relief under 28 U.S.C. § 2201 as to the unlawful source of the Buy Out Payments made to Plaintiffs. Count II asserts a substantive civil RICO claim under 18 U.S.C. § 1962(c) against Ilan and Raph. Count III asserts a RICO conspiracy claim under 18 U.S.C. § 1962(d) against all Defendants.

7. On July 1, 2026, the Clerk of this Court entered default against Ilan, Raph, and Jeckson [D.E. 52]. The Court's Order to Show Cause [D.E. 53] is directed to those same Defendants, and it is with respect to Ilan, Raph, and Jeckson that Plaintiffs submit this Declaration as to the amount due. However the amount damages due from all six Defendants is substantively identical.

**THE STATE COURT ACTION AND FINAL JUDGMENT**

8. Plaintiffs, together with Defendants Something Good, Something Short, Sando Supplies, Ilan, and Raph — five of the six Defendants in this action — were also parties to a related state court action styled *Martin Borkan, et al. v. Something Good Supper Club, LLC, et al.*, Case No. 2024-019231-CA-01, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court Action"). Defendant Jeckson was not a party to the State Court Action.

9. On November 21, 2025, the trial court in the State Court Action (Hon. Joseph Perkins) entered an Ex Parte Default Final Judgment Against All Defendants in the State Court Action (the "State Court Judgment"). A true and correct copy of the State Court Judgment is attached hereto as **Exhibit A**.

10. The State Court Judgment is a valid and final judgment entered by a court of competent jurisdiction. It has not been vacated, reversed, modified, stayed, or superseded, and it remains in full force and effect. The Circuit Court expressly retained jurisdiction over the State Court Judgment.[1]

11. In entering the State Court Judgment, the Circuit Court made findings of fact that include, without limitation, the following:

[1] Defendants in the State Court action filed a notice of appeal. There has been no stay of execution entered, nor any stay relief requested.

(a) the factual allegations of the First Amended Complaint dated July 2, 2025 in the State Court Action "are deemed to be and are true and correct";

(b) the Mediated Settlement Agreement dated July 25, 2023 between Plaintiffs, on the one hand, and Something Good, Sando Supplies, Ilan, and Raph, on the other hand (the "Settlement Agreement"), "is a valid contract";

(c) the Settlement Agreement "obligates each of" Something Good, Sando Supplies, Ilan, and Raph "to pay a total of FOUR HUNDRED THOUSAND DOLLARS ($400,000.00) to PLAINTIFFS" (the "Buy Out Payment");

(d) the Settlement Agreement requires each of those parties to make the Buy Out Payments "using only a 'lawful source' of funds" (the "Buy Out Obligation");

(e) the Settlement Agreement further imposes upon each of those parties the Release Obligation, the Further Assurances Obligation, and the Good Faith / Best Efforts Obligation, each as defined in the State Court Judgment;

(f) Something Good, Something Short, Sando Supplies, Ilan, and Raph "each breached the Settlement Agreement," including by "[m]aking the Buy Out Payments using an unlawful source of funds" and by failing to perform the Release Obligation, the Further Assurances Obligation, and the Good Faith / Best Efforts Obligation;

(g) "As a result of DEFENDANTS' breaches, PLAINTIFFS have been harmed"; and

(h) "As the prevailing parties, PLAINTIFFS are entitled to an award of reasonable attorneys' fees and costs pursuant to Paragraph 19 of the Settlement Agreement."

12. Paragraph (1)(k) of the State Court Judgment required that, on or before **December 31, 2025**, the defendants in the State Court Action (i) provide Plaintiffs with a full accounting of the source of each Buy Out Payment and produce all documents, including checks, deposits, and bank statements, evidencing each payment source; (ii) replace each Buy Out Payment made from an illegitimate source with funds from a legitimate source; (iii) pay a monetary sanction of $4,000; and (iv) specifically perform the Release Obligation, the Further Assurances Obligation, and the Good Faith / Best Efforts Obligation.

13. Paragraph (1)(l) of the State Court Judgment provides that, "[i]n the event that DEFENDANTS fail to comply with Paragraph (1)(k), PLAINTIFFS shall be entitled to an ex parte default monetary judgment in the amount of FOUR HUNDRED THOUSAND DOLLARS ($400,000.00) without further notice to DEFENDANTS or any hearing thereon DEFENDANTS

having waived any and all argument or defenses (substantively, procedurally, or otherwise) thereto."

14. Neither Something Good, Something Short, Sando Supplies, Ilan, nor Raph fully complied with Paragraph (1)(k) of the State Court Judgment on or before December 31, 2025.

15. By operation of Paragraph (1)(l) of the State Court Judgment, the sum of $400,000.00 therefore became fixed, liquidated, and due and owing to Plaintiffs. No portion of that sum has been paid. Final liquidated judgment is forthcoming.

**DEFENDANTS' DEFAULTS IN THIS ACTION**

16. Ilan, Raph, and Jeckson have not appeared, answered, or otherwise participated in this action.

17. By virtue of the defaults entered against them [D.E. 52], Ilan, Raph, and Jeckson have each admitted the well-pleaded factual allegations of the Complaint [D.E. 1]. As to Ilan and Raph, those admissions establish liability under Count II for conducting and participating in the conduct of the affairs of the Enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c). As to Ilan, Raph, and Jeckson alike, those admissions establish liability under Count III for conspiring to violate 18 U.S.C. § 1962(c), in violation of 18 U.S.C. § 1962(d) — Jeckson having, as alleged, knowingly agreed with Ilan and Raph to the commission of the predicate acts and having conspired with them to misrepresent the true purpose of the solicited investments.

18. The Complaint further alleges, and the defaults admit, that Plaintiffs were thereby injured in their business and property within the meaning of 18 U.S.C. § 1964(c).

**BASE DAMAGES: $200,000.00**

19. The base damages that Plaintiffs assert in this Declaration are TWO HUNDRED THOUSAND DOLLARS ($200,000.00).

20. That figure is the amount of RICO injury actually pled in the Complaint. Paragraph 169 of the Complaint alleges that, by reason of Defendants' violations, "the Plaintiff was injured and sustained a loss, within the meaning of 18 U.S.C. § 1964(c), in an amount to be proven at trial but at least $200,000.00 — the unlawful payments made to Borkan."

21. The $200,000.00 is the amount of the Buy Out Payments that Plaintiffs received from an unlawful source *at the time of the filing of this action*.[2] As the Complaint alleges and Defendants' defaults admit, those payments were derived from the proceeds of Defendants' securities fraud and money laundering rather than from the lawful source the Settlement Agreement required. They expose Plaintiffs to claims of disgorgement and are therefore of no value to Plaintiffs as satisfaction of the Buy Out Obligation. Plaintiffs surrendered their membership interests and released their claims in exchange for funds they cannot safely retain.

22. Plaintiffs recognize that the State Court Judgment fixes the sum of $400,000.00, and Plaintiffs do not seek to recover that amount in this action. The $400,000.00 is the total contractual Buy Out Payment obligation that the Circuit Court found, and it is the measure of Plaintiffs' contract damages in the State Court Action. The $200,000.00 asserted in this Declaration is the narrower measure of injury to business or property pled in this action under 18 U.S.C. § 1964(c) — the unlawfully-sourced payments Plaintiffs received. Plaintiffs do not seek a double recovery of any single loss. Any amount recovered on the judgment sought here should be credited against

---

[2] Plaintiffs have suffered additional damages, but for purposes of this Declaration, Plaintiffs rely solely on the well pleaded allegations of the Complaint.

any amount actually collected on the State Court Judgment, and any amount actually collected on the State Court Judgment should be credited against any judgment entered here.

23. No Defendant has replaced any portion of the $200,000.00 in unlawfully-sourced Buy Out Payments with funds from a lawful source.

**AMOUNT NOT ASSERTED IN THIS DECLARATION**

24. In the interest of candor to the Court, I disclose the following. Plaintiffs believe, based on their own records and on their knowledge of the underlying transactions and of the sums Defendants were obligated to pay, that the amount actually due from Defendants is FOUR HUNDRED FIFTY THOUSAND DOLLARS ($450,000.00). Plaintiffs expressly do not assert that figure in this Declaration. It forms no part of the damages calculation set forth above and no part of the relief Plaintiffs request, for the reason that the $450,000.00 figure does not appear anywhere in the current record of this federal action. Plaintiffs therefore confine this Declaration to the amount pled in the Complaint and supported by the existing record, and respectfully reserve whatever right they may have to establish any greater amount by appropriate motion or amended pleading should the Court permit.

**TREBLE DAMAGES UNDER 18 U.S.C. § 1964(c): $600,000.00**

25. 18 U.S.C. § 1964(c) provides that any person injured in his business or property by reason of a violation of 18 U.S.C. § 1962 "shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee."

26. Trebling the base damages of $200,000.00 as § 1964(c) directs yields SIX HUNDRED THOUSAND DOLLARS ($600,000.00).

27. The amount due from Defendants is therefore summarized as follows:

| Component | Amount |
|---|---|
| Base damages as pled (Complaint ¶ 169) | $200,000.00 |
| Trebled pursuant to 18 U.S.C. § 1964(c) (x3) | $600,000.00 |
| Attorneys' fees and costs | To be determined by separate motion |
| **TOTAL PRINCIPAL SUM REQUESTED** | **$600,000.00** |

**ATTORNEYS' FEES AND COSTS**

28. Plaintiffs are entitled to recover their reasonable attorneys' fees and the costs of suit pursuant to 18 U.S.C. § 1964(c) and, as the Circuit Court separately found, pursuant to Paragraph 19 of the Settlement Agreement.

29. Plaintiffs do not seek to quantify their attorneys' fees or costs in this Declaration, and no amount on account of fees or costs is included in the sums set forth above. Promptly following the entry of judgment, Plaintiffs will file a separate motion for an award of attorneys' fees and costs, supported by a separate affidavit or declaration of counsel together with contemporaneous time records, expense records, and such other supporting material as the Court requires, in accordance with Federal Rule of Civil Procedure 54(d) and Local Rule 7.3 of the Local Rules of the United States District Court for the Southern District of Florida.

**ADDITIONAL MATTERS**

30. None of Ilan, Raph, or Jeckson is an infant or an incompetent person. Upon information and belief, based on my knowledge of each of them and of their business activities, none of them is presently in the military service of the United States within the meaning of the Servicemembers Civil Relief Act, 50 U.S.C. § 3931.

31. Plaintiffs respectfully request that final default judgment be entered in their favor and against Ilan Khutorsky, Raphael Khutorsky, and Jeckson Leonardo, jointly and severally, in

the principal amount of $600,000.00, together with post-judgment interest at the rate provided by 28 U.S.C. § 1961, and that the Court reserve jurisdiction to determine the amount of Plaintiffs' reasonable attorneys' fees and costs upon separate motion.

[Signature on the next page]

I declare pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the State of New York and the United States of America that the foregoing is true and correct.

Executed this 7th day of August, 2026
New York, New York

MARTIN BORKAN

[*Signature Page to August 7, 2026 Declaration of Martin Borkan*]

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2024-019231-CA-01
SECTION: CA23
JUDGE: Joseph Perkins

**Martin Borkan et al**

Plaintiff(s)

vs.

**Something Good Supper Club LLC et al**

Defendant(s)

______________________________/

**EX PARTE DEFAULT FINAL JUDGMENT AGAINST ALL DEFENDANTS**

This Cause having come before the Court on *Plaintiffs' Verified Motion for Entry of Ex Parte Default Final Judgment Against All Defendants* (Filing # 132), the Court having reviewed the *Verified Motion*, the supporting Declaration of Melissa L. Mackiewicz, Esquire and the Exhibits thereto (Filing #133), the *Agreed Order on Plaintiffs' Motion for Appropriate Relief [DIN 117] After Defendants' Failure to Comply with the Court's Discovery Order* [DIN 119], and otherwise being fully advised in the premises, it is hereby

**ORDERED and ADJUDGED that**

(1) Plaintiffs' Verified Motion for Entry of Ex Parte Default Final Judgment Against All Defendants (Filing # 132) is **GRANTED**. The parties made various procedural concessions by virtue of their submission of the proposed Agreed Order referenced above, leading to entry of this Judgment.

(2) an *Ex Parte* Default Final Judgment is **ENTERED** in favor of PLAINTIFFS and against each DEFENDANT, joint and severally, and the Court finds that:

(a) the factual allegations in the First Amended Complaint dated July 2, 2025 [DIN

69] are deemed to be and are true and correct, *Big Bang Miami Ent., LLC v. Moumina*, 137 So 3d 1117, 1120-21 (Fla. 3d DCA 2014) ("A default judgment: [o]perates as an admission of the truth of the well pleaded allegations of the pleading"); *Bank of N.Y. Mellon v. Reyes*, 126 So. 3d 304, 307 (Fla. 3d DCA 2013);

(b) the Mediated Settlement Agreement dated July 25, 2023 between PLAINTIFFS and DEFENDANTS SOMETHING GOOD SUPPER CLUB, LLC SANDO SUPLIES, LLC, ILAN KHUTORSKY, and RAPHAEL KHUTORSKY, a copy of which is attached as Exhibit A to the First Amended Complaint [DIN 69] (the "Settlement Agreement") is a valid contract;

(c) the Settlement Agreement obligates each of DEFENDANTS SOMETHING GOOD SUPPER CLUB, LLC SANDO SUPLIES, LLC, ILAN KHUTORSKY, and RAPHAEL KHUTORSKY to pay a total of FOUR HUNDRED THOUSAND DOLLARS ($400,000.00) to PLAINTIFFS (the "Buy Out Payment");

(d) the Settlement Agreement requires each of DEFENDANTS SOMETHING GOOD SUPPER CLUB, LLC SANDO SUPLIES, LLC, ILAN KHUTORSKY, and RAPHAEL KHUTORSKY to make the Buy Out Payments using only a "lawful source" of funds (generally, the "Buy Out Obligation");

(e) the Settlement Agreement requires each of DEFENDANTS SOMETHING GOOD SUPPER CLUB, LLC SANDO SUPLIES, LLC, ILAN KHUTORSKY, and RAPHAEL KHUTORSKY to specially obtain PLAINTIFFS' releases from any obligation to SGSC and/or its Affiliates, including without limitation the pending New York State Liquor Authority (SLA) Application by DEFENDANT SOMETHING SHORT, LLC (generally, the "Release Obligation");

(f) the Settlement Agreement requires each of DEFENDANTS SOMETHING GOOD SUPPER CLUB, LLC SANDO SUPLIES, LLC, ILAN KHUTORSKY, and RAPHAEL KHUTORSKY to provide further assurances and sign any "documents reasonable and necessary in order to carry of the purpose and intent of [the Settlement] Agreement (generally, the "Further

Assurances Obligation");

(g) the Settlement Agreement requires each of DEFENDANTS SOMETHING GOOD SUPPER CLUB, LLC SANDO SUPLIES, LLC, ILAN KHUTORSKY, and RAPHAEL KHUTORSKY to "act in good faith and use its [/ his] best efforts to comply with all of the terms and conditions [in the Settlement Agreement]" (the "Good Faith / Best Efforts Obligation");

(h) DEFENDANTS SOMETHING GOOD SUPPER CLUB, LLC, SOMETHING SHORT, LLC, SANDO SUPLIES, LLC, ILAN KHUTORSKY, and RAPHAEL KHUTORSKY each breached the Settlement Agreement;

(i) The DEFENDANTS' breaches of are more particularly described in the First Amended Complaint [DIN 69] and include, without limitation:

i. Making the Buy Out Payments using an unlawful source of funds;

ii. Failing to expeditiously and in good faith update the operating agreements of DEFENDANTS SOMETHING GOOD SUPPER CLUB, LLC, SOMETHING SHORT, LLC, and SANDO SUPLIES, LLC to remove PLAINTIFFS;

iii. Failing to expeditiously and in good faith inform appropriate governmental and taxing authorities that PLAINTIFFS are no longer affiliated with DEFENDANTS SOMETHING GOOD SUPPER CLUB, LLC, SOMETHING SHORT, LLC, and SANDO SUPLIES, LLC;

iv. Failing to expeditiously and in good faith remove PLAINTIFF MARTIN BORKAN and his personal information (*e.g.*, his SSN) as the responsible party for EIN purposes for each of DEFENDANTS' (SOMETHING GOOD SUPPER CLUB, LLC, SOMETHING SHORT, LLC, and SANDO SUPLIES, LLC) Affiliates;

v. Failing to use best efforts and/or expeditiously remove PLAINTIFF MARTIN BORKAN from DEFENDANT SOMETHING SHORT LLC's
SLA Application; and

vi. Failing to remove PLAINTIFFS from all vendor accounts (*e.g., Toast*) maintained by DEFENDANTS SOMETHING GOOD SUPPER CLUB, LLC, SOMETHING SHORT, LLC, and/or SANDO SUPLIES, LLC and/or their Affiliates.

(j) As a result of DEFENDANTS' breaches, PLAINTIFFS have been harmed.

(k) That DEFENDANTS shall on or before December 31, 2025:

vii. Provide PLAINTIFFS with a full accounting of the source of each Buy Out Payment and produce all documents including but not limited to checks, deposits, and bank statements, evidencing each payment source;

viii. Replace each Buy Out Payment from an illegitimate source with funds from a legitimate source;

ix. Specifically perform the Release Obligation, the Further Assurances Obligation, and the Good Faith / Best Efforts Obligation.

(l) In the event that DEFENDANTS fail to comply with Paragraph (1)(k), PLAINTIFFS shall be entitled to an *ex parte* default monetary judgment in the amount of FOUR HUNDRED THOUSAND DOLLARS ($400,000.00) without further notice to DEFENDANTS or any hearing thereon DEFENDANTS having waived any and all argument or defenses (substantively, procedurally, or otherwise) thereto;

(m) As the prevailing parties, PLAINTIFFS are entitled to an award of reasonable attorneys' fees and costs pursuant to Paragraph 19 of the Settlement Agreement; and

(2) This Court shall retain jurisdiction over this *Ex Parte* Default Final

Judgment.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 21st day of November, 2025.

2024-019231-CA-01 11-21-2025 11:26 AM

2024-019231-CA-01 11-21-2025 11:26 AM
Hon. Joseph Perkins

**CIRCUIT COURT JUDGE**
Electronically Signed

Final Order as to All Parties UCR #: **CA010** (Disposed by Judge)

THE COURT DISMISSES THIS CASE AGAINST ANY PARTY NOT LISTED IN THIS FINAL ORDER OR PREVIOUS ORDER(S). THIS CASE IS CLOSED AS TO ALL PARTIES.

**Electronically Served:**

- Molly Owers Hacker: mowers-hacker@jud11.flcourts.org
- Derek Grant Silver: derek@pardolawmiami.com
- Elidja Clinton: eclinton@pardolawmiami.com
- Melissa L. Mackiewicz: melissa@pardolawmiami.com
- Melissa L. Mackiewicz: liz@pardolawmiami.com
- Melissa L. Mackiewicz: service@pardolawmiami.com
- Joseph Isaiah Pardo: joe@pardolawmiami.com
- Joseph Isaiah Pardo: service@pardolawmiami.com
- Joseph Isaiah Pardo: liz@pardolawmiami.com
- Melissa Mackiewicz: melissa@pardolawmiami.com
- Melissa Mackiewicz: eclinton@pardolawmiami.com
- Louis Frank Chisari: LCHISARI@marcotelaw.com
- Louis Frank Chisari: louischisari@marcotelaw.com
- Louis Frank Chisari: LCHISARI@marcotelaw.com
- Samuel M. Sheldon, Esquire: sam@sheldonlegal.net
- Samuel M. Sheldon, Esquire: melissa@pardolawmiami.com
- Samuel M. Sheldon, Esquire: joe@pardolawmiami.com
- Nicole Levy Kushner: nkushner@bergersingerman.com
- Nicole Levy Kushner: mavin@bergersingerman.com
- Nicole Levy Kushner: drt@bergersingerman.com
- Brittany Husk: bhusk@bergersingerman.com
- Brittany Husk: drt@bergersingerman.com
- Suzan Prince: sprince@bergersingerman.com
- Suzan Prince: sprince@bergersingerman.com
- Suzan Prince: sprince@bergersingerman.com
- John B. Horgan: jhorgan@egsllp.com
- Aldonsa Janjigian: ajanjigian@egsllp.com
- Joanna R. Cohen: jcohen@egsllp.com
- Savannah L Duffy: savannah@pardolawmiami.com
- Savannah L Duffy: liz@pardolawmiami.com
- Savannah L Duffy: elidja@pardolawmiami.com