**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION

**Case Number: 24-24068-CIV-MORENO**

MARTIN BORKAN, an individual, and MSB HOSPITALITY, LLC, a Florida limited liability company,
Plaintiffs,

v.

SOMETHING GOOD SUPPER CLUB, LLC, a Delaware limited liability company; SOMETHING SHORT, LLC, a Delaware limited liability company; SANDO SUPPLIES, LLC, a New York limited liability company; ILAN KHUTORSKY, an individual; RAPHAEL KHUTORSKY, an individual; and JECKSON LEONARDO, an individual,
Defendants.
_________________________________/

**DECLARATION OF JOSEPH I. PARDO IN SUPPORT OF PLAINTIFFS' VERIFIED MOTION FOR ATTORNEYS' FEES AND COSTS AND AFFIDAVIT AS TO THE AMOUNT OF ATTORNEYS' FEES DUE FROM DEFENDANTS**

I, Joseph I. Pardo, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, as follows:

**1.** I am the Managing Partner of Pardo Law PLLC, counsel of record for Plaintiffs Martin Borkan and MSB Hospitality, LLC in this action, and I am a member in good standing of the Bar of this Court and of The Florida Bar (Florida Bar No. 1003339). I have personal knowledge of the facts stated in this Declaration, and I make it in support of Plaintiffs' Verified Motion for Attorneys'

Fees and Costs and Affidavit as to the Amount of Attorneys' Fees Due from Defendants.

**2.** Pardo Law PLLC records its time in a practice-management system in which each timekeeper enters the date, the time expended, the hourly rate, and a description of the work at or about the time the work is performed. Those records are made and kept in the ordinary course of the firm's practice. Attached as Exhibit A is a true and correct compilation of the firm's time entries for this action, as exported from that system on October 13, 2026, showing for each entry the date, the timekeeper, the hours, the rate, the amount, and the description of the work. Certain entries in Exhibit A are reduced in their descriptions, some to the category of work performed and others by removing references to the fact of client, co-counsel and internal communications, where the description would otherwise disclose a communication protected by the attorney-client privilege or the substance of the attorney's work product. Exhibit A is a compilation prepared from that system's export and from the firm's time records; the date, timekeeper, hours, rate and amount of every entry are unredacted, and the firm will produce the unredacted records for in camera review on request. Exhibit A contains 83 entries, dated October 12, 2024 through September 27, 2026, totaling 83.88 hours and $38,352.50. No entry is dated after the entry of the Amended Default Final Judgment on October 7, 2026. The entries are the firm's time on this action: they begin with the preparation, revision, and filing of the Complaint in October 2024 and describe the summonses, the opposition to

Defendants' motion to stay, the status reports, the motions for default judgment, the Court's Default Final Judgment (ECF No. 39), the defaults against the individual Defendants, the response to the Order to Show Cause, and the declarations of damages filed in this case.

**3.** The timekeepers for whom fees are sought, and their experience and qualifications, are as follows. (a) Joseph I. Pardo, Esq., Managing Partner of the firm, member of The Florida Bar (Florida Bar No. 1003339), admitted 2017, and lead counsel for Plaintiffs in this action. (b) Aaron R. Modiano, Esq., attorney with the firm, member of The Florida Bar (Florida Bar No. 90563), admitted 2011, and counsel of record for Plaintiffs in this action [D.E. 48]. (c) Melissa L. Mackiewicz, Esq., attorney with the firm, member of The Florida Bar (Florida Bar No. 0637971), admitted 2003, and counsel of record for Plaintiffs in this action [D.E. 5]. (d) David Prieto, Esq., attorney with the firm, member of The Florida Bar, admitted 2022. (e) Carita Baroff, Esq., attorney with the firm, member of The Florida Bar, admitted 2020, identified in my earlier declaration in this action [D.E. 41] under her former surname as Carita H. Skinner, Esq. (f) Elizabeth Osoria, CP, FRP, a certified paralegal and Florida Registered Paralegal employed by the firm.

**4.** The hours reasonably expended by each timekeeper, the hourly rate claimed for each, and the resulting amount, drawn from Exhibit A, are as follows:

| Timekeeper | Entries | Hours | Rate | Amount |
|---|---|---|---|---|
| Joseph I. Pardo, Esq. | 20 | 16.20 | $500.00 | $8,100.00 |
| Aaron R. Modiano, Esq. (entries billed at $500.00) | 17 | 11.20 | $500.00 | $5,600.00 |
| Savannah L. Duffy, Esq. (entries billed at $350.00 and $500.00) | 10 | 19.12 | $350.00 & $500.00 | $7,137.50 |
| Melissa L. Mackiewicz, Esq. | 19 | 17.40 | $500.00 | $8,700.00 |
| David Prieto, Esq. | 5 | 12.60 | $500.00 | $6,300.00 |
| Carita Baroff, Esq. | 2 | 2.70 | $500.00 | $1,350.00 |
| Elizabeth Osoria, CP, FRP | 10 | 4.66 | $250.00 | $1,165.00 |
| **Total** | **83** | **83.88** | | **$38,352.50** |

**5.** The hourly rates stated are the rates at which the firm's time in this action was recorded and billed to Plaintiffs: $500.00 per hour for Mr. Pardo, Ms. Mackiewicz, Mr. Prieto, Ms. Baroff, Mr. Modiano, and Ms. Duffy's entries from December 2025 onward and $350.00 per hour previously; and $250.00 per hour for Ms. Osoria. The rates charged by the firm for all timekeepers are reasonable and customary for work of this kind in the South Florida legal community, as the Declaration of Jonathan S. Feldman filed with the motion addresses.

**6.** The tasks performed during the hours claimed, as described entry by entry in Exhibit A, include: revising, finalizing and filing the Complaint [D.E. 1] and the summonses [D.E. 6, 7]; the waivers of service; analyzing and opposing Defendants' motion to stay [D.E. 24], including research on abstention and concurrent jurisdiction over civil RICO claims; the joint status report [D.E. 32]; the status report and motion to lift the stay and the notice of non-response [D.E. 36, 42]; the motion for default judgment against the corporate

Defendants and the supporting affidavit and declaration [D.E. 37, 40, 41]; research on the preclusive effect of the related state-court adjudication and on post-judgment collection; the proposed findings of fact and conclusions of law; the status reports, motion for order to show cause and motion to reopen, with service on the individual Defendants and the notices of that service [D.E. 43, 44, 45, 46, 47, 49, 50, 55]; the notice of appearance [D.E. 48]; the defaults against the individual Defendants [D.E. 51, 52]; the response to the Order to Show Cause and the Declaration of Martin Borkan [D.E. 53, 54, 54-1]; and client communications and case management throughout.

**7.** I have reviewed each entry in Exhibit A. No amount is sought for clerical or secretarial tasks, for time entries that have been written off in the exercise of billing judgment, or for any work performed after the entry of the Amended Default Final Judgment. No fee sought in this action is sought in the related action pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2024-019231-CA-01.

**8.** No cost or expense is claimed in the motion. The costs taxable under 28 U.S.C. § 1920 will be presented in Plaintiffs' bill of costs, and no expense not taxable under that section is claimed.

**9.** My declaration of October 21, 2025 [D.E. 41] was filed in support of the motion for default judgment against the corporate Defendants and stated the fees then incurred. This Declaration states the amount due on the firm's complete contemporaneous record of its time in this action through the entry of the Amended Default Final Judgment.

**10.** The amount of attorneys' fees due from Defendants is $38,352.50.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 19, 2026.

By: /s/ Joseph I. Pardo
**Joseph I. Pardo, Esquire**
Florida Bar No. 1003339