**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
Miami Division

Case Number: 24-24068-CIV-MORENO

MARTIN BORKAN and MSB HOSPITALITY, LLC,

Plaintiffs,

v.

SOMETHING GOOD SUPPER CLUB, LLC, SOMETHING SHORT, LLC, SANDO SUPPLIES, LLC, ILAN KHUTORSKY, RAPHAEL KHUTORSKY, and JECKSON LEONARDO,

Defendants.
_________________________________________/

**DECLARATION OF JONATHAN S. FELDMAN**

1. My name is Jonathan S. Feldman. I am over the age of eighteen (18) years and am competent to testify as to the matters set forth in this declaration.

2. I am providing this declaration at the request of Pardo Law PLLC and the purpose is to opine on the reasonableness of the attorney's fees and costs incurred by the firm in prosecuting this litigation on behalf of the plaintiff. I am being compensated at the rate of $750 per hour to provide this opinion.

3. I received my Bachelor of Science degree from the University of Illinois Champaign-Urbana in 1999. I received my Juris Doctor degree from Emory University School of Law in 2004.

4. I am an attorney licensed to practice law and in good standing in the State of Florida. I have been a member of the Florida Bar since 2005. I am licensed to practice before all Florida courts, the Southern and Middle Districts of Florida and the Eleventh Circuit Court of

Appeals.

5. I have substantial experience in complex commercial litigation. I have tried both jury and non-jury cases, and my current practice involves all types of commercial litigation. I also served as in-house counsel for the private equity arm of Lennar – Rialto Capital – where I negotiated payment terms with outside counsel and reviewed invoices and approved payment to these firms.

6. In reviewing the fees charged by the firm for representing the plaintiff in this action, I have considered each of the following factors:

a. the time and labor required;

b. the skill requisite to perform the legal services properly;

c. the preclusion of employment to acceptance of the case;

d. customary fees;

e. whether the fee is fixed or contingent;

f. the time limitation imposed by the client or the circumstances;

g. the amount involved and the result obtained;

h. the experience, reputation, and ability of the attorneys;

i. the "undesirability" of the case;

j. the nature and length of the professional relationship with the client and

k. fees in similar cases.

7. I familiarized myself sufficiently with the facts to formulate an opinion as to the reasonableness of the attorney's fees and costs incurred by the firm. in this matter. This includes a review of the docket and case filings in this action along with the related state court case filed in the circuit court for Miami-Dade County styled as *Martin Borkan et al. v. Something Good Supper Club LLC et al.*, Case No. 2024-019231-CA-01.

8. The claims in this federal action are for declaratory judgment and two claims under the federal RICO statute. The Court stayed this case pending resolution of the state court case. *See* ECF No. 31. Ultimately, the stay was lifted and the Court entered judgment against the defendants. *See* ECF No. 56.

9. I have reviewed the time records of the firm which detail the amount of time expended by the firm for services rendered in this matter. I understand from my conversation with Joe Pardo, Esq. that the firm was not precluded from taking other employment to represent the plaintiff in this case, other than the fact that the time of the attorneys could and would have been spent on other work but for spending their time on this case. I understand that the firm does not consider the case "undesirable" in any event. Finally, I understand that the firm has a relationship with this client albeit the client does also utilize the services of other law firms and can do so on a going forward basis.

10. I have also familiarized myself with the experience of the attorneys involved and have been able to assess their abilities by the work done in this case. I understand that no extraordinary time limitations existed beyond the normal press of business and litigation which impacted the fees charged in this case. As such, the primary factors which I considered in reviewing the fees were the time records which detail the time required, the required skill, customary fees for work of this nature, the fact that the fees were charged on an hourly basis, the results obtained, the experience and abilities of the attorneys, and the fees in similar cases.

11. The total amount of fees in this matter that I understand the firm is seeking recovery is $38,352.50.

12. Overall, I find the amount of time spent by each lawyer in this matter to be reasonable and that the total number of hours spent on the file and the total fee to be appropriate.

13. Federal court litigation typically requires additional attorney time compared to state

court litigation because many issues are resolved on the papers without oral argument. Moreover, in this specific instance, the parties have been involved for some time in drawn out litigation, and thus, it had to be anticipated that straightforward matters could be contested.

14. In this instance, the firm was efficient in its effort. Of note, the bulk of professional time resulted after the stay was lifted and the plaintiffs sought and obtained final judgment against the defendants. Although collectability of the judgment is unknown, at a minimum, the firm successfully resolved the merits of the claims and put the client in a position to recover its damages. Finally, from speaking with Mr. Pardo, the fees sought in this matter are not duplicative of the fees the firm may seek in the state court case.

15. In addition, the hourly rates charged by the firm for all timekeepers is reasonable and customary for similar work performed by attorneys of reasonably comparable skill, experience, and reputation in the South Florida area. The top rate for partners was $500 an hour; associate rates were $300 per hour and paralegal rates were $250 per hour.

16. Under penalties of perjury, I declare that I have read the foregoing declaration and that the facts stated in it are true

October 19, 2026

Jonathan S. Feldman